595 So.2d 358 (1992)
STATE of Louisiana, Appellee,
v.
Carl W. WEEMS, Appellant.
No. 23281-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*359 Bobby L. Culpepper, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty., Douglas L. Stokes, Asst. Dist. Atty., Jonesboro, for appellee.
Before SEXTON, VICTORY and STEWART, JJ.
VICTORY, Judge.
Defendant, Carl W. Weems, was charged by bill of information with one count of misapplication of payments in violation of LSA-R.S. 14:202. Following a conviction by a six member jury, the defendant appealed, asserting numerous assignments of error. Finding assignment of error number 20 has merit, it is unnecessary to discuss the remaining issues. We reverse and enter a judgment of acquittal.

FACTS
Pete Potts and his wife, Hixie Potts, owned a chicken farm in Jackson Parish. In the spring of 1990, Mr. Potts entered into an agreement with Carl W. "Corky" Weems, d/b/a Arkla Builders, whereby Weems agreed to build a chicken house on the Potts' property for $40,000. The Potts paid Weems the $40,000 in three installments, as required by the contract. The first check was issued on June 5, 1990 in the amount of $18,000; the second check was issued on June 8, 1990 for $18,000; and the final check was issued on June 14, 1990 for $4,000 and was marked "paid in full."
On July 6, 1990, Taylor Brothers, Inc. filed an affidavit creating a materialman's lien against the Potts' property, based on $13,291.79 owed for materials used on the Potts' project. Thereafter, Taylor Brothers filed suit against the Potts to enforce the lien.
Weems was subsequently charged with a violation of LSA-R.S. 14:202 which reads in relevant part:
A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
After trial on February 19 and 20, 1991, Weems was convicted of misapplication of payments in the amount of $13,000, and was later sentenced to serve two years at hard labor and ordered to pay a fine of $500 and all costs, including all jury expenses, or in default of payment, to serve six months in the parish jail. The sentence was suspended, Weems was placed on supervised probation and ordered to make restitution to the Potts.

DISCUSSION
In assignments of error, the defendant claims the trial court erred in failing to grant his motion for post-verdict judgment of acquittal due to the state's failure to prove all the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P.Art. 821; State v. Allen, 440 So.2d 1330 (La.1983).
*360 Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. English, 582 So.2d 1358 (La.App. 2d Cir.1991), writ denied 584 So.2d 1172. LSA-C.Cr.P. Art. 821 parallels the Jackson language in providing a Louisiana standard pertaining to post-verdict motions for judgment of acquittal based upon sufficiency of the evidence.
The elements that must be proven to establish a violation of LSA-R.S. 14:202 are: (1) the existence of a contract to construct, erect, or repair a building, structure, or other improvement; (2) the receipt of money on the contract; and (3) a knowing failure to apply the money received as necessary to settle claims for material and labor due under the contract.
Viewed in the light most favorable to the state, the evidence at trial clearly established that Weems contracted to build a chicken house on the Potts' property, and the contract amount, $40,000, was paid to Weems. It was also clearly established that Taylor Brothers supplied building materials to Weems for the Potts project, was not paid bills totalling $13,219.79, and filed a materialman's lien for that amount against the Potts' property. We have no difficulty in concluding the state proved the first two elements of the crime beyond a reasonable doubt.
However, the prosecution offered little evidence to prove the third element, a knowing misapplication of the $40,000 received by Weems from Potts. On cross-examination, Mr. Potts testified that he knew electrical work was done, but not by whom; that he had receipts from a lumber company, but did not specify the amount; that he would not disagree that Jonesboro Concrete had provided the concrete; and that he saw laborers working on the chicken house, but had no idea how or what they were paid. Mr. Potts never quantified the amount paid by Weems in material and labor. Defendant did not take the stand and called no witnesses. Thus, the state did not prove beyond a reasonable doubt defendant knowingly misapplied part of the $40,000 received, but only proved one materialman was not paid. The evidence fails to establish that non-payment was due to misapplication of the funds received.
LSA-R.S. 14:202 is intended to prohibit a contractor from taking money from an owner to do a job for him, and then using all or part of the money received to pay for anything other than labor and material expenses incurred by the contractor on that job. He must apply enough money of the funds received from the owner as is necessary to discharge all labor and material bills on that job, so the paying owner will not be subject to liens by laborers or materialmen. As long as the contractor applies all the money he receives from the owner to the labor and material bills he incurs on the owner's job, he is not criminally responsible under the statute, even if the amount received is insufficient to discharge all the bills. We reject the state's argument in brief to the contrary.
When the state relies on circumstantial evidence to prove an element of its case, the evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. Here, one reasonable hypothesis is that Weems misapplied some of the $40,000. However, there are other reasonable hypotheses of innocence. For example, Weems could have initially underestimated the costs of labor and material required, or construction delays could have increased labor or material costs beyond the $40,000 received, or there may have been other cost overruns. The evidence in this case does not exclude these other reasonable hypotheses of innocence.
Since the evidence in this case fails to establish beyond a reasonable doubt the defendant misapplied any of the $40,000 received on the contract, the trial court erred when it failed to grant defendant's motion for post-verdict judgment of acquittal.

*361 DECREE
For these reasons, the judgment of the trial court denying defendant's motion for post-verdict judgment of acquittal is reversed, defendant's conviction and sentence are vacated, and a judgment of acquittal is entered.
REVERSED; DEFENDANT ACQUITTED.