DANIEL L. DYSART, Judge.
| tThe State of Louisiana appeals a judgment of the trial court wherein a Motion to Quash the indictment was granted in favor of defendants, Errol M. Glasser and Mark D. Winthrop. For the following reasons, we affirm.
PROCEDURAL HISTORY:
By an amended bill of information filed on August 2, 2011, Errol Glasser, Marc Winthrop and two other defendants[1] were charged with misapplication of payments by a contractor, a violation of La. R.S. 14:202.
On October 7, 2011, the trial court found no probable cause. That same day, the defendants filed a motion to quash the indictment on the basis of untimeliness. The trial court granted the motion to quash on November 10, 2011, and the State has appealed.
^FACTUAL BACKGROUND:
This case stems from a fiduciary relationship between a contractor/construction company and a homeowner.
The narration of facts establishing the procedural history of this dispute is taken from the defendants’ Memorandum in Support of Motion to Quash filed October 6, 2011.
The defendants Glasser and Winthrop were ... investors in a startup company named ARC Construction, LLC, commonly known as ARC Louisiana ... [which] stopped its business activity in June, 2007, and its remaining projects were taken over by a second, unrelated company ... known as ARC Missouri. Mr. Glasser and Mr. Winthrop had no connection with ARC Missouri.
When ARC Missouri failed to complete a residential construction project in Orleans Parish, the owner, [Mr. Pro-vosty] filed a civil action against numerous parties, including Mr. Glasser. Mr. Provosty ... did not name Mr. Winthrop ... After extensive discovery and a jury trial, the jury decided in favor of Mr. Glasser. A jury interrogatory was presented which asked, ‘With respect to the fraud committed by the members, managers or agents of ARC-LA, do you find that ... Glasser defrauded the Pro-vostys? Answer-No.’ (Judgment, Provosty v. ARC Construction, et al, page 6.)
During the pendency of the civil proceedings ... Mr. Provosty ... [complained] ... to the District Attorney’s Office ... that he had been defrauded by all four defendants [Rick Drevet, Matthew Lamora, Errol Glasser and Marc Winthrop] in this matter. After *665 conducting an investigation, the District Attorney filed a Bill of Information against Mr. Drevet and Mr. Lamora only.
As the case proceeded in Criminal District Court ..., the District Attorney [filed] a new Bill of Information adding Mr. Glasser and Mr. Winthrop to the case ...
The amended bill of information was filed August 2, 2011, and charged the defendants pursuant to La. R.S. 14:202 A[2], with “... failing] to apply money | .^received [between November 16, 2006 and October 31, 2007] from Henry Pro-vosty and/or Gloria Provosty on account of a contract for the construction, erection, or repair of a building, structure, or other improvement to settle claims for material.” The State maintains that the defendants and their co-defendants (Rick Drevet and Matthew Lamora) acted collectively in the misapplication of funds belonging to the Provostys.
In the trial court, the defendants argued that the August 2, 2011 prosecution against them was prescribed because it had been brought “... more than four years after [they] had become totally out of the picture with regard to any businesses in Louisiana and Mr. Provost/s construction project.”
When the matter was called for hearing, the State submitted on its response to the motion to quash.
The trial judge granted the motion and reasoned:
Based on the pleadings, this Court believes that the State of Louisiana has failed to prove that a fiduciary relationship existed between the defendants and the victim past June 2007 when the defendant’s (sic) corporation stopped its business activity and transferred their (sic) projects to the Missouri company to complete the work.

ASSIGNMENT OF ERROR

The sole issue on appeal is whether the district court erred when it granted the defendants’ motion to quash on the basis of prescription.
La.Code Crim. Proc. art. 535(4) provides that a motion to quash may be filed of right prior to the commencement of trial when based on the ground that the time limitation for the institution of prosecution has expired.
|4In State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206, the Louisiana Supreme Court held that an appellate court is allowed to reverse a trial court’s judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.
Pursuant to La.Code Crim. Proc. art. 572(A)(2), “no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted” within four years for a felony not necessarily punishable by imprisonment at hard labor. According to La.Code Crim. Proc. art. 573(1), the date that determines when the four-year statutory period starts to run is not the date that the money was tendered, but the date that the fiduciary relationship *666 terminated. See e.g. State v. Comadore, 2007-0976 (La.App. 4 Cir. 5/15/08), 984 So.2d 203, 205-206 (time limitations did not begin until defendant employee no longer worked for employer she was accused of defrauding); Turner v. Dept. of Trans. & Development, 2001-2426 (La. App. 1 Cir. 6/21/02), 822 So.2d 786 (time limitations for charge of theft over $500 began to run when defendant employee was terminated by victim employer); State v. Averette, 99-2054 (La.App. 1 Cir. 6/23/00), 764 So.2d 349, 351(time limitations for theft prosecution of defendant who took money from an investor began to run not when money was tendered, but when fiduciary relationship ceased to exist).
Although the State need not allege facts showing that the time limitation has not expired, once the issue is raised, the State has the burden of proving that the prosecution was timely instituted. La.Code Crim. Proc. art. 577.
The State argues that the fiduciary relationship between the defendants and the Provostys did not cease until February 2008. Consequently, the State maintains, the matter could not have prescribed earlier than four years after | ^termination of the fiduciary relationship or until February 2012, approximately six months after the August 2, 2011 amended bill of information was filed. The State supports its argument with a series of e-mails dated February 11 and 12, 2008.[3] However, those e-mails were between the Provostys and Rick Drevet and Matthew Lamora, the ARC Construction principals. Neither of the defendants in this appeal (Glasser and Winthrop) received nor was copied on those e-mails. Moreover, the e-mails were sent after ARC Louisiana ceased work on the Provosty project and relinquished it to another unrelated company (June 2007). The e-mails were threats by the Provostys to bring civil litigation against ARC Construction and its investment bankers (presumably the defendants). Nothing in the e-mails establishes a fiduciary relationship between the Provostys and the defendants.
We also note that the District Attorney’s investigative report dated August 9, 2010, which recounts information sought by NOPD Det. Darren Brazley of the Economic Crime Unit in this case (#A-627) does not support the State’s position. In response to the first question, the report indicates: “According to Mr. Provosty, ARC Construction started building his residence in November 2006 and abandoned the job in May 2007.”
Accordingly, we find the State failed to meet its burden of proving a fiduciary relationship existed between the defendants and the Provostys. The evidence presented by the State also fails to establish that the defendants acted in any way to misapply the Provostys’ funds at all, much less after August 2, 2007.
| nThus, applying the pertinent statutory and procedural law, we find no error by the trial court in granting the motion to quash on its finding that the State failed to timely institute these proceedings.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED

. The other two defendants in this case are Rick Drevet and Matthew Lamora, ARC Construction's president and managing member, respectively. However, this appeal concerns Errol Glasser and Marc Winthrop, only.

. La. R.S. 14:202 provides in pertinent part:
202. Contractors; misapplication of payments prohibited; penalty
A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.

. The e-mails were attached to the State’s opposition to the motion to quash.