PAUL A. BONIN, Judge.
hThe district attorney appeals the trial court’s grant of Darren Schmolke’s motion under La.C.Cr.P. art. 532 A(5) to quash the bill of information charging him with a violation of La. R.S. 14:202 A, respecting a building contractor’s knowing failure to apply money received on account of a construction contract necessary to settle claims for material and labor due for the construction. Having reviewed the bill of particulars and conducted a hearing,[1] the trial judge concluded that “it appears that the charge in the bill of information is not supported by the facts demonstrated” and then quashed the bill.
*298 Upon our de novo review of the bill of information, the bill of particulars, and the quashal, we find that the trial judge did not restrict his consideration of the motion to the strictly legal issues raised by the bill of information and by the bill of particulars, but also considered factual defenses to the offense charged. Because we find that consideration of the factual defenses resulted in quashing of the bill of | ginformation, we reverse the ruling and remand to the district court for further proceedings. We explain our decision below.
I
“All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty[1] and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531. A motion to quash is appropriate whenever “[a] bill of particulars has shown a ground for quashing the indictment under Article 485.” La.C.Cr.P. art. 582(5). The specific ground under Article 485 which, it appears, Mr. Schmolke urged by his motion is “that the offense charged in the indictment was not committed.”[2]
Here, the trial judge on motion of Mr. Schmolke required the district attorney under La.C.Cr.P. art. 484 “to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant.” La.C.Cr.P. art. 484. The defendant’s motion to quash requires that the court determine from reviewing the bill of particulars that have been furnished “together with any particulars appearing in the indictment” whether there is a ground to quash the bill of information, and if there is such a ground to quash it.[3] La.C.Cr.P. art. 485.
A judge’s consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings. We 13have compared the consideration allowed on a motion to quash an indictment to that of an exception of no cause of action in a civil suit and have stated: “the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.”[4] State v. Lagarde, 95-1497 p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103; see also State v. Bremer, 97-0456 (La.App. 4 Cir. 12/10/97), 704 So.2d 917. The motion to quash is a mechanism for consideration of pre-trial pleas, which are “pleas which do not go to the merits of the charge.” State v. Byrd, 96-2302 (La.3/13/98) 708 So.2d 401. “[T]he question of factual guilt or innocence is not before the court” at a hearing on the motion to quash. Id. at 411. While evidence may be adduced at a hearing, “such may not include a defense on the merits.” Id. at 411.
So long as the facts accepted as true can “conceivably satisfy an essential element of the crime,” the accused person can be compelled to stand trial for the charge. State v. Legendre, 362 So.2d 570, 571 (La.1978) (denial of motion to quash in aggravated battery case because “[according to the fair import of the words, in their *299 usual sense dangerous weapon does not mean a concrete parking lot.”) Essentially, the inquiry is whether any conceivable set of the facts as alleged in the bill of information together with those specified in the bill of particulars (when particulars have been provided) if “found credible by the trier of fact” can support a conviction. State v. Advanced Recycling, Inc., 02-1889, pp. 9-10 (La.4/14/04), 870 So.2d 984, 989. And support for a conviction, of course, requires |4that any reasonable trier of fact considering the evidence in the light most favorable to the prosecution could conclude that every element of the offense charged has been proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also Lagarde, 672 So.2d at 1104.
Because the alleged facts are accepted as true, the decision on a motion to quash under Article 185 is solely a question of law, see Byrd, 708 So.2d at 411, and thus we review the trial judge’s ruling in this case under the de novo standard. Under this standard of review, we do not defer to any factual findings by the trial judge, and even more so here because any factual determinations by a trial judge at this time regarding the merits of the defense are unauthorized. See Byrd, 708 So.2d at 412.
II
In this Part we first consider the statutory violation with which Mr. Schmolke is charged by the district attorney, the accusation in the bill of information itself, and the specifics provided by the district attorney in the bill of particulars. Then, in order to better understand the trial judge’s ruling, we set out some factual matters from the preliminary hearing which the trial judge apparently weighed in his ruling.
A
Misapplication of payments by a contractor is prohibited under La. R.S. 14:202 A,[5] which provides, in pertinent part:
|sNo person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
Thus, the essential elements of the crime are: (1) the existence of a contract to construct, erect, or repair a building, structure, or other improvement; (2) the receipt of money on the contract; and (3) a knowing failure to apply the money received as necessary to settle claims for material and labor due under the contract. State v. Spears, 05-0964, p. 4, (La.4/4/06), 929 So.2d 1219, 1223.
The bill of information filed in this matter alleges that on July 13, 2009, Mr. Schmolke:
DID FAIL TO APPLY MONEY RECEIVED FROM ALVIN PHELPS AND/OR CATHERINE PHELPS ON ACCOUNT OF A CONTRACT FOR CONSTRUCTION, ERECTION, OR REPAIR OF A BUILDING, STRUCTURE, OR OTHER IMPROVEMENT TO SETTLE CLAIMS FOR MATERIAL ...
*300 The bill of particulars further specified that:
1. The Defendant Darren Schmolke entered into a contract with Alvin Phelps and/or Catherine Phelps to reconstruct their home at 6849 Bellaire Drive. The contract was executed by the parties on or about September 11, 2008. Defendant’s obligations under the contract included paying all relevant subcontractors. Defendant failed to do so, resulting in two liens being placed upon the residence by Crest Mechanical and Masonry Products.
2. The Masonry Products lien amounts to $2,094.42, plus any relevant interest and penalties. The Crest Mechanical lien amounts to $12,000.00, plus any relevant interest and penalties.
3. The contracted amount was $210,540.00, to be paid to Defendant via a series of draws. The draw schedule is included in the contract (a copy thereof is already provided to defense). The Defendant completed work that resulted in payments totaling approximately $189,091.20. Copies of all checks written to Defendant have already been provided to defense.
_kB
At the time of the hearing on the motion to quash, the trial judge also took up the preliminary hearing in this matter. During the hearing, NOPD Detective Mike Kitchens testified that Alvin Phelps filed a complaint of contractor fraud with the Orleans Parish District Attorney’s Office. Detective Kitchens investigated the complaint and learned that Mr. Schmolke had contracted to complete a total reconstruction of the Phelps’ residence. The contract price was for $210,540.00. He learned that Mr. Schmolke failed to pay two subcontractors, which resulted in liens being filed on the Phelps’ residence.
Detective Kitchens then identified a number of checks totaling approximately $189,000.00 written by Mr. Phelps and made payable to Mr. Schmolke. The detective also identified two liens that were filed against the Phelps’ property by Crest Mechanical Construction and by Masonry Products.
Detective Kitchens confirmed that there was a difference of approximately $21,000.00 between the contract price and what was paid to Mr. Schmolke. The detective pointed out, however, that the project was never completed. Accordingly, he rejected the notion that the homeowners owed Mr. Schmolke any money.
Detective Kitchens acknowledged that he received a release of lien from Mr. Schmolke of one of the two liens which appears to have been in the amount, of $1,800.00. The detective confirmed that Mr. Schmolke provided him with documents that established that there were some items on the job that exceeded the contract allowances. He identified an invoice for countertops that exceeded the allowance in the contract by $1,400.00. During the preliminary hearing a 17stipuIation was entered that after the bill of information was filed, the final remaining lien was satisfied by Mr. Schmolke.
During the hearing on the motion to quash, Mr. Schmolke argued that the prosecution could not prove its case in four respects as follows: 1) that the State had no evidence that Mr. Schmolke misapplied funds; 2) that the homeowners failed to pay all amounts due under the contract; 3) that additional work was done outside the scope of the contract; and 4) that cost overruns contributed to the shortfall.
The prosecution opposed the motion to quash on grounds that the motion was based primarily on the substantive facts of the case and therefore should not be *301 granted. The prosecution further commented that although defendant had asserted that the case was primarily a contract dispute, the fact of the matter was that Mr. Schmolke failed to adequately complete the re-construction of the home as agreed upon and then left the jurisdiction. As a result, the prosecution noted, the final fee was not paid to Mr. Schmolke.
Mr. Schmolke replied that the prosecution could not possibly prove its case because under the provisions of La. R.S. 14:202 A, all money owed under the contract must have been paid, and Mr. Schmolke argued that the bill of particulars established that this was not the case.
In granting Mr. Schmolke’s motion to quash, the trial judge ruled:
The defendant is charged with one count of misapplication of payment under La. R.S. 14:202. The charge arises out of a contract between the defendant and Alvin and Catherine Phelps to reconstruct their home. According to the State response to the bill of particulars, the contracted amount was $210,540.00 to be paid through a series of draws. The defendant completed work that resulted in payments totaling $189,091.20. Two subcontractor liens form the basis for the current case. At the hearing, it was established that the Masonry Products lien was not for work performed under the contract, but an |sextra, and that the lien has since been satisfied. As further argued by the defense, the Bill of Particulars states that the defendant is still owed $21,443.80 under the contract. The defense also argues that the Defendant has paid and satisfied the Crest Mechanical lien and thus an additional amount is owed the defendant. It appears that the charge in the bill of information is not supported by the facts demonstrated. The dispute here is purely civil. The motion to quash is therefore GRANTED under La.C.Cr.P. art. 582(5).
[all emphasis added]
As we have indicated by our emphases, the trial judge clearly did not accept as true the facts exclusively as they are set forth in the bill of information and the bill of particulars. Notably, the trial judge apparently inferred from the bill of particulars that Mr. Schmolke was owed $21,448.80 by the homeowners under the contract; no such statement of fact is set forth in the bill of particulars. Without a doubt, the trial judge’s reasons reflect a view that Mr. Schmolke has a defense on the merits. But, of course, the guilt or innocence of Mr. Schmolke was not before the trial judge on the motion to quash.
Ill
The sole legal question for us to determine (as it was for the trial court) on Mr. Schmolke’s Article 485 motion to quash is whether the bill of information as modified (or specified) by the bill of particulars, while accepting as true the facts alleged in the bills, must be quashed because the offense charged in the indictment was not committed. See La.C.Cr.P. art. 485. Thus, our primary reference in that inquiry is the statute under which Mr. Schmolke is charged.
As expressed earlier, the essential elements of the offense are the existence of a contract to construct, erect, or repair a building, structure, or other improvement; the receipt of money on the contract; and a knowing failure to apply the money received as necessary to settle claims for material and labor due under the contract. See Spears, supra. Reading factual allegations (which we accept as |9true) of the bill of information and the bill of particulars, we are compelled to conclude that a contract to construct a building that existed between the owner and Mr. Schmolke; *302 that Mr. Schmolke received money on the contract; and that Mr. Schmolke failed to pay the charges of two subcontractors, who placed liens against the homeowners’ property. Thus, as the issue is presented to us, there are sufficient facts alleged which, if the jury or other trier of fact found them credible, could support a conviction in this specific intent crime. See Lagarde, 672 So.2d at 1104 (“If the state can prove these facts, a simple reading of the first degree murder statute would lead to defendant’s conviction.... This is a case for the jury to decide if specific intent is proved beyond a reasonable doubt.”)
The trial judge erred when he considered facts not set forth in the bill of information or in the bill of particulars as well as when he weighed the factual allegations which were set forth in the bills. He also appears to have inferred from the factual allegations of the bill of particulars that because there was an incomplete payment by the homeowners of the full amount of the construction contract, there could be no misapplication.[6] Such considerations cannot ever support a ruling to quash under Article 485.
IV
In this matter we, however, have observed a deficiency in the bill of information which was not precisely urged to the trial judge and which has not been argued or briefed before us. Because the identified deficiency can be easily cured on remand by the district attorney’s amendment of the bill of information |1fland the parties have not had an opportunity to yet address the deficiency, we decline to quash on our own motion under Article 485 the bill of information at this stage of the proceedings.
The district attorney indicates that he is charging Mr. Schmolke under the provisions of La. R.S. 14:202 A. The bill of information charges that Mr. Schmolke failed to apply the money received from the homeowners to the construction project; it does not allege that he knowingly failed to apply the money. Proof of misapplication of the funds, however, is not enough. See Spears, 05-0964, p. 5, 929 So.2d at 1224. “The State [is] required to prove that the misapplication was made knowingly.” Id. Section 202 A is a specific intent crime. See La. R.S. 14:10(1) (“Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.”). See also State v. Cohn, 00-0313, p. 8 (La.4/3/01), 783 So.2d 1269, 1275 (in emphasizing the “knowing misapplication” element of the statute stated that § 202 A “clearly does not criminalize a bad business deal made by a contractor who otherwise applies all of the funds received under the contract for legitimate expenses and claims for materials and labor in the course of the project”); State v. Weems, 595 So.2d 358, 360 (La.App. 2nd Cir.1992) (in reversing conviction held that “the state did not prove beyond a reasonable doubt defendant knowingly misapplied part of the $40,000 received, but only proved one materialman was not paid.”)
The bill of information[7] “shall be a plain, concise, and definite written statement of the essential facts constituting the offense *303 charged.” La.C.Cr.P. art. 464. “It shall state for each count the official or customary citation of the statute |nwhich the defendant is alleged to have violated.” Id. “In offenses requiring only a general criminal intent, the indictment need not allege that the act was intentionally done.” La. C.Cr.P. art. 472. For offenses which require specific intent or knowledge, however, the bill of information “following the general rule of Art. 464, must state the special mental element of the crime.” Official Revision Comment — 1966 (emphasis added) under La.C.Cr.P. art. 472.
In this case, the district attorney, however, has not stated the special mental element of this offense in the bill of information (or in the bill of particulars) and did not cite the statute in either bill.[8] But, because the deficiency which we note is a ground set out in La.C.Cr.P. art. 532(2), the court may allow amendment to correct the defect. And, as we stated earlier, the matter can be easily addressed on remand if Mr. Schmolke timely files a motion to quash on this ground. See La.C.Cr.P. art. 535 A(2).
CONCLUSION
It is true that the proof required to convict under § 202 A is “more than simply proof that a contractor has left unpaid claims for materials and labor at the end of a construction contract.” Cohn, 00-0313, p. 8, 783 So.2d at 1275. And it may well be that Mr. Schmolke has a good defense on the merits, but the fact that a defendant “may have a good defense is not sufficient grounds to quash the indictment.” State v. Masino, 214 La. 744, 749, 38 So.2d 622, 623 (La.1949).
Whether the facts, accepted as true as set forth in the bill of information as modified by the bill of particulars, sufficiently allege that a defendant committed the offense charged is solely a question of law. From the facts before us it is | ^conceivable on these facts, if believed, that a reasonable trier of fact could find beyond a reasonable doubt all elements of the offense charged. Thus, the motion to quash, which challenges under Article 532(5), fails.
DECREE
We reverse the ruling sustaining the motion to quash. The matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED

. A single contradictory hearing was conducted on the motion for a bill of particulars, a motion for discovery, the preliminary hearing, and the motion to quash.

. The other grounds in Article 485 are "that the defendant did not commit it, or that there is a ground for quashing the indictment.”

. There are other provisions of Article 485 relating to curing any deficiency which are not pertinent to our consideration in this case. But see Part IV, post.

.Another similarity between the motion to quash under Article 485 and the exception of no cause of action is that both may be raised by the court on its own motion. See La. C.C.P. art. 927 B.

. Other sections of the statute make provision for the grade of the offense (misdemeanor or felony) dependent upon the amount misapplied and restitution to the victim. None of these sections are at issue in this case.

. In this regard, we observe that under the facts of Spears, supra, the construction contract established a price of $196,000 for the completion of two chicken houses, of which only $176,000.00 was paid to the contractor; the Louisiana Supreme Court affirmed the conviction notwithstanding the fact the defendant had not been paid the full amount of the contract.

. See La.C.Cr.P. art. 461.

. There is no short form for charging a violation of La. R.S. 14:202 A. See La.C.Cr.P. art. 465; cf. State v. Gibson, 460 So.2d 689 (La.App. 1st Cir.1984).