DANIEL L. DYSART, Judge.
|?The State appeals the trial court’s grant of a Motion to Quash Bill of Information (“Motion to Quash”). For the reasons that follow, we reverse.
PROCEDURAL AND FACTUAL BACKGROUND
The record before us is limited to certain pre-trial documents and the transcript from the hearing on the Motion to Quash. According to the bill of information, Defendant-appellee, Victoria M. Guillott, was charged with acting as an accessory after the fact pursuant to La. R.S. 14:25, relative to second degree murder, La. R.S. 14:30.1. At her arraignment, defendant pled not guilty.[1]
*553 On November 17, 2011, the trial court held a preliminary hearing and a hearing on defendant’s motion to suppress statement. According to the minute entry of that hearing, the State called Officer Brian Elsensohn to testify and introduced a hotel guest register into evidence. Neither the transcript of the hearing nor the evidence submitted at the hearing are part of the instant record. At the conclusion of the hearing, the trial court found probable cause and denied defendant’s motion to suppress statement.
[sOn February 15, 2012, defendant filed a Motion to Quash Bill of Information (“Motion to Quash”) which the trial court granted on March 1, 2012. From this ruling, the State appeals. We note that defendant did not file an appellate brief and we rely, therefore, on defendant’s Motion to Quash contained in the record and the argument made at the hearing.
DISCUSSION
Louisiana Code of Civil Procedure Article 531 provides that “[a]ll pleas or defenses raised before trial other than mental incapacity to proceed, or pleas of not guilty5 and of not guilty by reason of insanity’ shall be urged by a motion to quash.” Our jurisprudence interpreting this article reflects that a motion to quash “is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.” State v. Carter, 2011-0859, p. 3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182, citing, State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. Id, citing, State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”). As the Louisiana Supreme court has noted, “[t]he question, then, is whether the indictment charges a valid offense.” State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411 (Citation omitted). The question is not “of factual guilt or innocence of the offense charged.” State v. Perez, 464 So.2d 737, 740 (La.1985).
14As this Court recently reiterated, a motion to quash is similar to an exception of no cause of action in a civil suit. Thus, “the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” State v. Schmolke, 2012-0406, (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298 citing, State v. Lagarde, 95-1497 p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103; State v. Bremer, 97-0456 (La.App. 4 Cir. 12/10/97), 704 So.2d 917. As the Supreme Court explained in Byrd, supra, in considering a motion to quash, “[t]he question, then, is whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.” Id. at 411, citing State v. Legendre, 362 So.2d 570, 571 (La.1978). As we noted in Schmolke, supra, “the decision on a motion to quash under Article 485 is solely a question of law ... and thus *554 we review the trial judge’s ruling in this case under the de novo standard.” Id., 108 So.3d at 299. Indeed, our jurisprudence indicates that for issues of factual and credibility determinations, an abuse of the trial court’s discretion standard is employed, while a trial court’s legal findings are subject to a de novo standard of review. See: State v. Odom, 2002-2698 (La.App. 1st Cir.6/27/03), 861 So.2d 187, 191, writ denied, 2003-2142 (La.10/17/03), 855 So.2d 765; State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501, 504.
Under our de novo review of the record in this matter, we find that the trial court erred in granting the Motion to Quash.
According to the police report filed into the record, on March 2, 2011, Officer El-sensohn, along with the U.S. Marshall Fugitive Taskforce, was |5conducting an investigation into the whereabouts of Reginald Bell, who was wanted for second degree murder in Ouachita Parish. Defendant was allegedly noted to have knowledge of Mr. Bell’s warrant and to have provided him with a hotel room and a bus ticket to Texas.[2] Defendant also allegedly had several telephone conversations with Mr. Bell “which assisted in his evasion from being arrested.”
Defendant’s Motion to Quash is based entirely on the premise that the State “has failed to prove corpus delicti.” In that regard, defendant argued that “there is no evidence other than her alleged statement that she purchased a hotel room and bus ticket” and therefore, “the bill of information should be quashed.” Defendant relies on the case of State v. Brown, 236 La. 562, 108 So.2d 233 (1959) in support of her position that a confession, alone, is insufficient to support the finding that a crime has been committed. She maintains that, because the State produced no other evidence that she purchased a hotel room and bus ticket for Mr. Bell, the motion to quash was warranted.
In essence, defendant’s position is that the State did not prove its case at the hearing on the Motion to Quash. Defendant’s argument, therefore, is that, at the hearing, the State’s burden was to prove that defendant committed the crime with which she was charged. We disagree. The ultimate question of whether defendant is guilty of the crime charged is a matter for trial and not for a motion to quash. As we found in Schmolke, supra, “[s]o long as the facts accepted as true can conceivably satisfy an essential element of the crime,’ the accused person can 1 ,;be compelled to stand trial for the charge.” Id. at 108 So.3d 296, 298 (Citations omitted).
In the instant matter, defendant has been charged with a violation of La. R.S. 14:25, which provides, in pertinent part:
An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.
An accessory after the fact may be tried and punished, notwithstanding the fact that the principal felon may not *555 have been arrested, tried, convicted, or amenable to justice.
We have reviewed the bill of information and the bill of particulars, and in accepting the facts alleged therein to be true,[3] we find that there are sufficient facts alleged which, if the jury or other trier of fact found them credible, could support a conviction for this crime. See: Schmolke, 108 So.3d 296, 301. Defendant’s reliance on Brown, supra, is misplaced as it did not involve a motion to quash, but rather, a conviction. The issues involved whether the State met its burden of proof under the miscegenation statute in effect at that time. We recognize that the Brown court noted that “an extrajudicial confession does not warrant a conviction unless it is corroborated by independent evidence of the corpus delicti.” Brown, supra, at 573, 108 So.2d 233. However, we do not believe that the State must prove all of the elements of its case at a hearing on a motion to quash. Whether the State can meet its burden of proof is the fundamental question which can only be answered after a trial on the merits and after the State has presented all of its evidence. We therefore find |7that the trial court erred in granting defendant’s motion to quash which was based on a challenge to the sufficiency of the evidence.
CONCLUSION
Based on the foregoing, the trial court’s ruling granting defendant’s motion to quash is reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED

. The bill of information made the same charges against co-defendant, Lenora Bell, in whose favor the trial court also grantee^ a motion to quash. The motion to quash was based on a lack of venue in Orleans Parish as the charges against her stemmed from her *553 allegedly renting a motel room for a third party, who was wanted for second degree murder. The State has not appealed the ruling in Ms. Bell’s favor.

. While the hotel room allegedly rented was located in Jefferson Parish, the bus ticket is alleged to have been purchased in Orleans Parish, making the latter a parish of proper venue. Ms. Guillott maintains that the State produced no evidence that a bus ticket was purchased. She further maintains that there is no evidence that a bus ticket was purchased in Orleans Parish. As discussed below, however, the State was not required, at a hearing on a motion to suppress to admit all evidence it intends to use at trial.

. Id., 108 So.3d 296, 300.