ROSEMARY LEDET, Judge.
11This is a criminal appeal by the State. The State’s sole assignment of error is whether the district court erred when it granted the motion to quash the bill of information filed by the defendant, Dennis Brady. For the reasons that follow, we affirm.

STATEMENT OF THE CASE

On March 20, 2008, Investigator Jason Nuccio of the Louisiana Justice Department filed three affidavits. In each affidavit, Investigator Nuccio accused Mr. Brady *168 of violating La. R.S. 14:67,[1] Felony Theft; and La. R.S. 37:2160,[2] Engaging in the Business of Contracting without Authority, in Orleans Parish. In the affidavits, Investigator Nuccio requested warrants for Mr. Brady’s arrest and attested to the following:
• On May 17, 2007, Gloria Sanders entered into a contract with Mr. Brady d/b/a D & S Contracting LLC, wherein he would provide her with a modular home to replace her residence in Orleans Parish that was damaged as a result of Hurricane Katrina. After receiving $86,750 from Ms. Sanders, Mr. Brady failed to provide the residence and fled the jurisdiction with her money.
• On July 20, 2007, Mr. Brady entered into a similar contract with Adelina Bank-Morris. After receiving $86,740 from Ms. Bank-Morris, Mr. Brady failed to provide the residence and fled the jurisdiction with her money.
• On August 13, 2007, Mr. Brady again entered into a similar contract with Shirley Francois. After receiving $31,450 from Ms. Francois, Mr. Brady failed to provide the residence and fled the jurisdiction with her money.
On the same day that Investigator Nuccio filed the three affidavits, the district court issued three arrest warrants (the “Orleans Arrest Warrants”).
On February 7, 2008, about four weeks before the Orleans Arrest Warrants were issued, Mr. Brady was arrested in Nashville, Tennessee. He was arrested on separate charges of contractor fraud and theft that had been filed against him in St. Tammany Parish.[3] From February 25 2008 until March 7, 2012, Mr. Brady served his sentence on the St. Tammany Parish thefts in the B.B. Sixty Rayburn Correctional Facility in Bogalusa, Louisiana.
On March 7, 2012, Mr. Brady was transferred from the B.B. Sixty Rayburn Correctional Facility to Orleans Parish Prison. He was booked in Orleans Parish based on the Orleans Arrest Warrants. On May 4, 2012, the State filed a bill of information against Mr. Brady charging him with three counts of theft, each over $1,500, in Orleans Parish.
|3On May 8, 2012, Mr. Brady made his first appearance and pled not guilty to all counts. On July 20, 2012, Mr. Brady filed a motion to quash the bill of information on two grounds: (i) that the four-year limitation period for instituting prosecution had prescribed, and (ii) that his right to a speedy trial had been violated. On July 27, 2012, following a hearing, the district *169 court granted the motion to quash. This appeal followed.

STANDARD OF REVIEW

This court recently summarized the standard for reviewing a trial court’s decision to grant or deny a motion to quash in State v. Hall, 13-0453, pp. 11-12 (La.App. 4 Cir. 10/09/13), 127 So.3d 30, 39, 2013 WL 5568736, as follows:
To summarize, this court in reviewing a motion to quash involving solely a legal issue ... applies a de novo standard of review. State v. Guillott, 12-0652, p. 4 (La.App. 4 Cir. 2/20/13), _ So.3d _, _ [2013 WL 633093] (citing State v. Schmolke, 12-0406, pp. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-99). In cases involving other types of motions to quash involving factual determinations — such as speedy trial violations and nolle prosequi dismissal-reinstitution cases — this court applies an abuse of discretion standard. [State v.] M.C., 10-1107 at p. 10, 60 So.3d [1264] at 1270; see also State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3 (explaining that “[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (“[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”).
Since the motion to quash in this case involves factual determinations, we apply an abuse of discretion standard of review.

DISCUSSION

As noted at the outset, the State’s sole assignment of error is whether the district court erred in granting Mr. Brady’s motion to quash the bill of information. _J/rhe State argues that the prescriptive period was interrupted when Mr. Brady fled the jurisdiction before charges could be instituted against him. The governing statutory provision is La.C.Cr.P. art. 572(A)(2), which provides:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
Pursuant to La.C.Cr. P. art. 573, the four-year period does not commence until the fiduciary relationship between the defendant and the alleged victim ends.[4] See State v. Glasser, 12-0159, p. 6 (La.App. 4 Cir. 11/28/12), 104 So.3d 663, 666, writ denied, 118 So.3d 1079 (La.6/14/13) (prosecution for misapplication of payments by a contractor was not timely instituted, where state failed to establish that fiduciary relationship existed between complainant and defendants within prescription period). In State v. Averette, 99-2054, p. 4-5 (La.App. *170 1 Cir. 6/23/00), 764 So.2d 349, 351, the First Circuit held that under La.C.Cr. P. art. 573(1) the fiduciary relationship ends — and prescription commences — when an affidavit for the defendant’s arrest is filed.
In this case, Investigator Nuccio filed the three affidavits for Mr. Brady’s arrest on March 20, 2008. Thus, the fiduciary relationships between Mr. Brady and lsthe alleged victims ended — and the four-year period commenced — on March 20, 2008.[5]
The State does not dispute that the four-year period commenced on March 20, 2008, when the fiduciary relationships ended. Rather, the State contends that prescription was interrupted pursuant to La.C.Cr. P. art. 575(1), which provides:
The periods of limitation established by this Chapter shall be interrupted when the defendant:
(1) For the purpose of avoiding detection, apprehension or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state;
The State points out that Investigator Nuccio attests, in his affidavits, that Mr. Brady accepted monies from the victims in late 2006 and then fled the jurisdiction. According to the State, the time limitation to institute prosecution was interrupted until the Orleans Parish District Attorney’s Office became aware of Mr. Brady’s whereabouts on March 7, 2012.
In support, the State cites State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, for the proposition that when a defendant’s absence results from his imprisonment in another jurisdiction, the State must take affirmative steps once his whereabouts have come to its attention. In further support, the State cites State v. Baptiste, 08-2468, p. 2 (La.6/23/10), 38 So.3d 247, 248, for the proposition that “the interruption in the time delays for institution of prosecution ended only when St. Charles Parish authorities contacted officials in Plaquemines Parish ... to inform them of defendant’s impending release and their discovery of the arrest warrant against him in their parish.”
IfiMr. Brady counters that the State failed to file a bill of information against him until after the four-year period for instituting prosecution had elapsed. La. C.Cr. P. art. 572(A)(2). He points out that the period commenced to run on March 20, 2008, when the affidavits were filed, and elapsed on March 20, 2012. Yet, the bill of information was not filed until May 4, 2012.
Mr. Brady further counters that, contrary to the State’s contention, prescription was not interrupted under La.C.Cr. P. art. 575(1). He points out that he was already in state custody when Investigator Nuccio filed the affidavits for his arrest. Moreover, he points out that on March 19, 2008, the day before the Orleans Parish arrest warrants were issued, Investigator Nuccio sent a request to the St. Tammany Parish Sherriffs Office to place a “hold” on Mr. Brady in connection with the Orleans Parish thefts.[6] Mr. Brady contends that the state did not “capture” him on March 7, 2012; rather, the Orleans Parish *171 law enforcement officials exchanged custody of him with the Rayburn Correctional Center, pursuant to the hold that was placed on him on March 19, 2008. Mr. Brady also contends that the State had thirteen days from the date he came into custody in Orleans Parish custody — March 7, 2012 — until the date the four-year period elapsed-March 20, 2012, to timely institute prosecution against him, yet the State failed to do so.
In further response, Mr. Brady contends that the Romar and Baptiste cases, cited by the State, are distinguishable from the instant case. In those cases, the defendants were served with actual notice of the existence of the criminal proceedings filed against them, which served to interrupt the running of the |7prescriptive period. However, in this case, there was no suggestion that Mr. Brady received actual notice to appear.
When, as in this case, a defendant brings a motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, 93-1221, pp. 3-4 (La.1/14/94), 630 So.2d 1284, 1286 (citing State v. Brown, 451 So.2d 1074, 1079 (La.1984); State v. Taylor, 439 So.2d 410, 412 (La.1983); State v. Walgamotte, 415 So.2d 205 (La.1982). State v. Nations, 420 So.2d 967 (La.1982); State v. Driever, 347 So.2d 1132 (La.1977)).[7] Moreover, La.C.Cr. P. art. 577 provides that “[t]he state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the State has the burden of proving the facts necessary to show that the prosecution was timely instituted.”
The State failed to meet its burden of demonstrating that the prescriptive period to institute prosecution against Mr. Brady was interrupted pursuant to La.C.Cr. P. 575. The State’s sole evidence that prescription was interrupted was Investigator Nuccio’s affidavits, dated March 20, 2008, stating that Mr. Brady fled the jurisdiction after he received monies from the alleged victims. In its brief, the State simply stated that “Investigator Nuccio executed the affidavits and sometime | thereafter, the defendant was captured by authorities outside of Orleans Parish, and on March 7, 2012, the defendant, based on the outstanding warrant, was transferred from another correctional facility to Orleans Parish Prison.”
The State did not deny that Investigator Nuccio placed a hold on Mr. Brady on March 19, 2008, a day before the Orleans Arrest Warrants were issued, while he was in the Rayburn Correctional Facility. The record reflects that Mr. Brady was in state custody from February 25, 2008, until his motion to quash was filed in July 2012. Moreover, as Mr. Brady points out, the State had thirteen days from the date Mr. Brady was moved to Orleans Parish Prison during which it could have timely filed a bill of information within the four-year period, yet it failed to do so. For these reasons, we find the district court did not abuse its discretion in granting Mr. Brady’s motion to quash.
Our finding that the district court did not abuse its discretion in granting Mr. Brady’s motion to quash on statutory *172 grounds renders it unnecessary to address Mr. Brady’s alternative argument regarding a violation of his constitutional right to a speedy trial.

DECREE

For the foregoing reasons, the district court’s judgment granting the defendant’s motion to quash is affirmed.
AFFIRMED.

. La. R.S. 14:67 provides:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both....

. La. R.S. 37:2160 provides:
A. (1) It shall be unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active license as a contractor under the provisions of this Chapter....

. In his appellee brief, Mr. Brady states that he "pleaded guilty to theft in St. Tammany on May 11, 2009, for which he received a ten-year sentence.”

. La.C.Cr. P. art. 573(1) provides:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist when:
(1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof.

. La.C.Cr. P. art 382(B)(1) provides:
B. (1) A prosecution for violation of an ordinance and other criminal prosecutions in a parish court shall be instituted by affidavit or information charging any offense.

. The record on appeal is devoid of any evidence of this hold. Mr. Brady, however, argued in his motion to quash that the State placed this hold while he was in the Rayburn Correctional Facility. Mr. Brady emphasizes that the State neither filed a written opposition nor objected to his statements regarding the hold at the hearing.

. State v. Rome, 630 So.2d 1284, 1286 (La.1994) provides:
Statutes of limitation, as the primary guarantees against inordinate delays, represent the legislative balancing of the interests of the state against the interests of the defendant. Accordingly, these limitations should be given effect unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.