STATE OF LOUISIANA      \*      NO. 2019-KA-0484

VERSUS      \*

     COURT OF APPEAL

SAMSON H. QUINTON      \*

     FOURTH CIRCUIT

     \*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 542-196, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)


Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Irena Zajickova
ASSISTANT DISTRICT ATTORNEY
PARISH OF ORLEANS
619 S. White Street
New Orleans, LA 70119
     COUNSEL FOR APPELLANT/ STATE OF LOUISIANA


Pius A. Obioha
PIUS A. OBIOHA & ASSOCIATES, LLC
1550 North Broad Street
New Orleans, LA 70119
     COUNSEL FOR DEFENDANT/APPELLEE


**REVERSED AND REMANDED**

**OCTOBER 23, 2019**

The State appeals the ruling of the trial court granting the defendant's Motion to Quash. For the reasons that follow, we reverse the ruling of the trial court and remand this matter for further proceedings.

**PROCEDURAL HISTORY:**

Detective Rigamer of the New Orleans Police Department received a phone call on June 22, 2018, from the manager of the Shell gas station located at 3101 S. Carrollton Avenue in New Orleans. The manager reported that an employee was stealing money from the cash register. Detective Rigamer told the manager that a police unit would be sent out to make a report. The next day, Detective Rigamer followed-up on the complaint, and found that the report filed did not contain all of the required perpetrator information. The detective phoned the manager and was informed that the employee was at work at that time. Detective Rigamer went to the gas station, and Samson Quinton was thereafter transported to the Second District Police Station where an audio and video recorded interview took place. Quinton admitted to removing money from the cash register on a daily basis;

1

however, he stated that he and the manager had an agreement that he could remove money and pay it back when he got paid.

Detective Rigamer questioned the manager who told him that from time to time employees could get permission to borrow money, but they would sign a receipt for the money borrowed. Quinton had not asked permission, nor had he signed a receipt. Rather, he was video recorded voiding transactions and putting cash in his pocket on eight occasions. The detective retrieved the video surveillance footage that confirmed the manager's statements. The manager also informed the detective that on one occasion he confronted Quinton, who admitted to taking money and returned it.[1]

Based on the information obtained from the gas station manager and the surveillance video, a bill of information was filed on July 24, 2018, charging Quinton with theft of U.S. currency valued at $1,000.00 or more, but less than $5,000.00, belonging to Shell gas station[2] on June 22, 2018, with the intent to permanently deprive the gas station of the property. The bill was later amended to specify a date range of between June 11, 2018 and June 21, 2018.

According to the minute entries, on September 26, 2018, the State tendered discovery and filed an inventory. Additionally, the State made a plea offer to Quinton, provided he make restitution to the gas station. That offer was declined.

At a hearing on October 29, 2018, the defense orally requested an itemized list of the money taken. The hearing was continued on a joint motion. At the next hearing on November 26, 2018, the defense informed the court that it had not been provided with an inventory list of the value of the allegedly stolen money. The

---

[1] There was no evidence introduced in this case. The facts have been gleaned from the Police Report Gist contained in the record.

[2] The bill of information incorrectly names the victim as "Shell Casstation."

2

trial court granted the State additional time to file an inventory, and on January 16, 2019, the defense filed the subject Motion to Quash, which the State opposed. At a hearing on January 22, 2019, the trial court granted the Motion to Quash.

This appeal followed.

**DISCUSSION:**

The State argues that the trial court erred in granting Quinton's Motion to Quash based on the State's failure to produce documentary evidence in pre-trial discovery sufficient to prove that the value of the property stolen was $6,000. The defendant argued in his motion that the alleged charge was fabricated.

Motions to quash are reviewed based on the issues presented. If the motion is based on deficient allegations in the bill of information and/or bill of particulars, the issue is solely a question of law and is reviewed *de novo*. *State v. Butler,* 14-1016, p. 3 (La.App. 4 Cir. 2/11/15), 162 So.3d 455, 459; *State v. Schmolke*, 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299. "[T]he court must accept as true the facts contained in the bill of information and the bill of particulars and decide whether or not a crime has been charged." *Schmolke*, at p. 3, 108 So.3d at 298, citing *State v. Lagarde,* 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102-03. "The motion to quash is a mechanism for consideration of pre-trial pleas, which are 'pleas which do not go to the merits of the charge.'" *Schmolke,* at p. 3, 108 So.3d at 298, citing *State v. Byrd*, 96-2302, p. 18 (La. 3/13/98), 708 So.2d 401, 411. The question of factual guilt or innocence is not before the court at a hearing on a motion to quash. *Id.* If the facts [as asserted in the bill of information] can "conceivably satisfy an essential element of the crime," the accused person can be compelled to stand trial for the charge. *Schmolke,* at p. 3, 108 So.3d at 298, citing *State v. Legendre*, 362 So.2d 570, 571 (La. 1978).

3

Louisiana Code Criminal Procedure art. 536 provides in part that "[a motion to quash] shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion." In general, the grounds for a motion to quash include a deficient, defective or duplicitous bill of information or bill of particulars, double jeopardy, prescription of time limitation or speedy trial violation, lack of jurisdiction, improper jury venire, or valid prescription for controlled substance charges. La.C.Cr.Proc. art. 532. We note that Quinton's motion is unclear on which ground(s) it is based, and it is equally unclear on what ground(s) the trial court granted the motion.

Quinton does not allege that the bill of information is deficient or defective. The record does not indicate that Quinton moved for a bill of particulars, nor does he complain that the State failed to file one. The record does indicate that the State adequately informed Quinton that the manager of the Shell gas station calculated the amount of money stolen to be approximately $6,000.00. It would appear from the written motion and oral argument on the motion that Quinton's complaint is that the State failed to produce documentation proving that he stole $6,000.00, specifically, the voided transaction receipts. Quinton complained that the State would not be able to carry its burden of proof at trial; however, there is no statutory provision that allows a bill of information to be quashed due to the State's failure to tender evidence in pre-trial discovery sufficient to prove that it will be able to convict.

In *State v. Landry*, 13-1030, pp. 5-6 (La.App. 4 Cir. 5/7/14), 144 So.3d 1078, 1082, this Court found that the trial court erred in granting the defendant's motion to quash the bill of information for theft when it improperly relied on the factual defense that the evidence was insufficient to prove theft. Quinton argues

4

that the grounds upon which a motion to quash may be based as listed in La.C.Cr.Proc. arts. 532-34 are merely illustrative, and that a trial court may quash a bill of information in "cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial."

To prove its case at trial, the State must satisfy the following elements: 1) that the defendant misappropriated or took by means of fraudulent conduct, practices, or representations; 2) a thing of value; 3) that belonged to another; and 4) that the defendant had the intent to deprive the owner permanently of that which was misappropriated or taken. *State v. Barker*, 17-0469, p. 9 (La.App. 4 Cir. 5/30/18), ___ So.3d ___, *writ denied*, 18-0968 (La. 3/18/19); 267 So.3d 85. Also, in this case, an element that must be proven is the value of the thing(s) taken to determine the grade or degree of the offense. *State v. Wilson*, 12-1765, pp. 28-29 (La.App. 4 Cir. 2/12/14); 138 So.3d 661, 680.

In *State v. LeBlanc,* the State alleged in the bill of information that the defendant stole copper wire valued at over $500.00. *LeBlanc*, 10-1484, pp. 9-10 (La.App. 4 Cir. 9/30/11), 76 So.3d 572, 580. This Court noted that "the testimony of the owner of the property taken in a theft is sufficient to establish its value for the grade of the offense." *Id.* at p. 12, 76 So.3d at 581. Also see, *State v. Hoskin*, 605 So.2d 650, 652 (La.App. 4th Cir. 1992)("[W]hen the degree of the crime is based on the value of the stolen property possessed, the self-serving testimony of the owner is sufficient if it is clear and uncontradicted.").

At trial, the State must prove that Quinton stole from the gas station an amount of money valued at between $1,000.00 and $5,000.00, as provided in La. R.S. 14:567B(3), and may rely on the testimony of the gas station manager and the video surveillance tape to prove its case. The State is not required to prove its case

5

prior to trial. As the State has included sufficient facts in the bill of information, conceivably provable at trial, to allege that Quinton committed the crime with which he was charged, we find that the trial court erred as a matter of law in granting Quinton's Motion to Quash.

Accordingly, we reverse the ruling of the trial court and remand this matter for further proceedings.

**REVERSED AND REMANDED**