JiSCHOTT, Chief Judge.
This is before the court on an appeal by the State from a judgment granting defendant’s motion to quash the indictment of him for first degree murder. The issue is whether a defendant who engages in a shootout while holding a child before him as a shield may be legally convicted of the first degree murder of the child who is killed by the person shooting at the defendant. We conclude that he may and reverse the judgment of the trial court.
The indictment charged that defendant:
committed FIRST DEGREE MURDER of STEVEN ARD, AGE, two (2) during the perpetration or attempted perpetration of an AGGRAVATED BURGLARY and/or during the perpetration or attempted perpetration or attempted perpetration of an ARMED ROBBERY, and/or the victim is under the age of twelve.
The motion to quash was submitted on the following stipulation of facts:
On May 19, 1994, the defendant entered a residence while armed with a dangerous weapon; once entering the apartment he picked up a two year old child and used him as a shield; a resident and the defendant engaged in a shoot-out; the physical evidence clearly indicates that the decedent was killed by bullets from the resident’s weapon.
| gA motion to quash an indictment is treated much like an exception of no cause of action in a civil suit; the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged. LSA-C.Cr.P. art. 532; State v. Robertson, 615 So.2d 1036, 1039 (La.App. 1 Cir.1993), writ denied 619 So.2d 1062.
LSA-R.S. 14:30 defines first degree murder as the killing of a human being:
(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, second degree kidnapping, aggravated escape, aggravated arson, aggravated rape, forcible rape ... drive-by shooting, first degree robbery, or simple robbery.
⅜ * * * * ■ *
(5) When the offender has the specific intent to kill or inflict greatly bodily harm upon a victim under the age of twelve or sixty-five years of age or older.
Argument in the trial court and in this court centered around the problem that the defendant did not shoot the victim; the resident did. The trial judge stated that the proper charge was second .degree murder under R.S. 14:30.1 which does not contain the element of specific intent when the killing occurs during the perpetration of an aggravated burglary or robbery.
This appears to be a case of first impression in this state although the state cites several cases from other jurisdictions described as “shield” cases in which charges against defendants were upheld under circumstances similar or analogous to those of this case. While these cases are helpful, they involve criminal statutes which are not the same as ours. The question becomes whether our statute can logically be interpreted to include defendant’s conduct in this case.
| ⅞When the defendant picked up this child, his intention was to use him against the bullets he expected to encounter when he started the shootout. He wanted the child to be struck by and absorb the bullets intended for him. He necessarily had the specific intent of at least inflicting great bodily harm on the child. For all practical purposes, he placed the child in a proverbial meat grinder. *1104 How can it be said that he lacked specific intent when great bodily harm to the child was certain to follow the action he deliberately took?
If the state can prove these facts, a simple reading of the first degree murder statute would lead to defendant’s conviction.
In the final analysis, this is not at all an appropriate case for disposition on a motion to quash. This is a case for the jury to decide if specific intent is proved beyond a reasonable doubt. The jury will be left with the option of convicting the defendant of second degree murder if they are not satisfied with proof of specific intent.
Accordingly, the judgment appealed from is reversed; the motion to quash the indictment for first degree murder is denied, and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.