hLOBRANO, Judge.
The State perfects this appeal arguing that the trial court erred in granting defendant’s motion to quash. The State frames the issue as: “As a matter of law, could Terry Bremer [Defendant], the non-shooter have the specific intent to kill when he knowingly engaged in a felony drug transaction with the knowledge that his wife, the shooter, had a firearm in her possession?” We answer in the affirmative, and reverse the trial court.
Defendant, Terry Bremer, was indicted by the Orleans Parish Grand Jury with first degree murder. The indictment charges that defendant “committed FIRST DEGREE MURDER OF ALVIN FISHER, while engaged in the distribution, exchange, sale or purchase, or any attempt thereof, of a controlled dangerous substance....” The State maintains in its answers to the Bill of Particulars that the indictment is based on La. R.S. 14:30(A)(3) and (6) which provide in pertinent part:
A. First degree murder is the killing of a human being:
(3) when the offender has a specific intent to kill or to inflict great bodily harm upon more than one person; or
(6) when the offender has the specific intent to kill or to inflict great bodily harm while engaged in the ^distribution, exchange, sale, or purchase, or any attempt thereof, of a controlled dangerous substance listed in Schedules I, II, III, IV or V of the Uniform Controlled Dangerous Substances Law.

FACTS:

For purposes of this motion, the defendant has accepted as true the statement of facts as presented in the State’s brief.[1] We quote from the State’s brief:
On April 6, 1996 at around 6 p.m., Cathy and Terry Bremer abandoned their 16 year old daughter and her 14 year old *919 friend on Bourbon Street by Jean Lafitte’s Blacksmith Shop (a bar) and followed a man into the Iberville Housing Development to purchase narcotics. They met up with Alvin Fisher and Alton Stewart. Alvin Fisher gave Terry Bremer five pieces of crack cocaine in return for five twenty dollar bills ($100) from Terry Bremer. Alvin Fisher and Alton went into the Basin Street Courtyard. A few moments later, the Bremers and the man came into the courtyard. Alvin walked over to them and asked if they wanted to buy more drugs. Cathy Bremer then pulled out a single action, five shot .22 derringer revolver and shot Alvin Fisher once in the stomach. Alvin ran into the adjoining Bienville Courtyard and collapsed. As the Bremers were walking out of the courtyard, some residents took offense to the shooting and shot and chased the Bremers into the Basin end of the Bienville Courtyard. When police arrived moments later, Cathy Bremer had the gun and some marijuana in her bag. Terry Bremer was never searched. Cathy initially denied shooting anyone and claimed the marijuana was planted by the crowd. The Bremers left New Orleans before the Homicide Office could reach them, and they ultimately were extradited from Kingsport, Tennessee. Before leaving Kingsport, Cathy Bremer gave a television interview to a local station and claimed she brought her marijuana with her from Tennessee and that she was defending herself during a robbery,
13At the hearing on the motion to quash, the trial court gave these reasons for granting the motion:
I thought that the State’s memo was lacking. I don’t see how you get around the cases of Jackson v. Virginia and State v. Labrano when it spits out “the jury’s finding of the accused aided and abetted in the commission of the crime, therefore, cannot be mere speculation based upon guilt by association.” You haven’t shown me anything except that a man is lying there bleeding when a gun fight was going on. And, and it seems to me to be the general nature of the District Attorney’s office to throw a net out there and pull the string and see whatever comes in and let, and throw it to the, throw it to the jury. That’s certainly not good prosecutorial management, case management; and I think it’s contrary to the law. The man probably is guilty of many things, but I certainly don’t see that he could be a principal to first degree murder considering the facts that this Court was given recently-
The Court will grant the motion to quash.
In State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103, writ denied, 96-1111 (La.10/4/96), 679 So.2d 1378, we recognized that “[a] motion to quash an indictment is treated much like an exception of no cause of aetion in a civil suit; the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” Code of Criminal Procedure article 532(5) provides that a motion to quash may be granted when the bill of particulars has shown a ground for quashing the indictment under article 485. That article, in pertinent part, says:
If it appears from the bill of particulars ... that the offense charged in the indictment was not committed, or that the defendant did not commit it ... the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured.
|4The State argues that specific intent can be inferred from the circumstances surrounding this case and, even though defendant was not the “shooter”, he had specific intent to kill when he engaged in a drug transaction knowing that his wife had a firearm in her possession. The defense counters with the questions, “[wjhere are the facts to support the conclusion that Terry Bremer knew his wife had a gun and that she intended to use the gun to kill someone during the course of the alleged drug transaction? How can one conceivably make such a leap and factually conclude that Terry Bremer had the ‘intent’ to kill or cause bodily harm to Alvin Fisher?”
In support of their respective positions each side cites cases, decided after trial *920 on the merits, where the facts either supported a finding of specific intent on the part of the accomplice or were insufficient to support that finding. However, those cases are relevant only to the extent that they reaffirm the jurisprudence that specific intent can be inferred from the particular circumstances of a situation and that an accomplice can be equally as guilty as the “trigger man.” Here, we are required to decide the issue, not after trial on the merits, but on the allegations of the pleadings. Our resolution does not consider whether the State will eventually be successful but whether the facts alleged in the indictment and revealed in the bill of particulars, if proven, could result in a conviction, i.e. whether a crime is charged. For the following reasons, we find that they could.
Specific criminal intent is “that state of mind which exists when the circumstances ' indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Intent is a question of a fact. State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied, Seals v. Louisiana, — U.S. -, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997). Specific Igcriminal intent can be inferred from the circumstances of the crimes and actions of a defendant even though he did not fire the weapon which caused the victim’s death. Id.
Defendant relies on State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427, to support his position that the State cannot show specific intent. However, that case is distinguishable because there the defendant was a bystander who took no part in the criminal activity. Here the facts alleged show that defendant took part in, at the very least, the drug transaction which led to the shooting. Defendant argues that “the State can prove nothing more than Terry Bremer’s alleged involvement in a drug transaction.” That argument may ultimately prove to be true, but involvement in the drug transaction is enough to show that defendant was more than a bystander. The drug transaction, coupled with the fact that he was married to the “shooter,” may very well support an inference that he knew she had a weapon and intended to use it. Ultimately, it will be the jury’s decision as to whether those circumstances and any other facts that may be proved at trial support a finding of specific intent by defendant.
For these reasons, we conclude that the trial judge erred in granting the motion to quash the indictment. The judgment appealed from is reversed and this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. We have confirmed that the facts as presented in the State’s briefs are consistent with the State’s answer to the bill of particulars.