MAX N. TOBIAS, JR., Judge.
hThe state seeks review of the trial court’s ruling granting the defendant’s motion to quash the state’s bill of information, arguing that the trial court erred in ruling that the state’s bill of information was not filed timely.
I.
The defendant, Mark Reyer, an employee of Thunder Restoration Inc. (“Thunder”), a Minnesota company doing business in Louisiana following Hurricane Katrina, was charged by bill of information dated 18 July 2011[1] with committing one count of theft in the amount of $1,500.00 or more on 7 August 2007 in New Orleans, Louisiana.[2] He was arraigned on 30 November 2011 in Orleans Parish Criminal District Court, entering a plea of not guilty, and was released on a $5,000.00 recognizance bond. The court set a hearing date for motions for 6 January 2013. On 3 January 2012, the defendant filed a motion to quash the bill of information, an application for a bill of particulars, discovery and inspection, and a motion to waive the defendant’s presence. The motion to quash asserts, inter alia, that neither Mr. Reyer nor anyone connected with Thunder did |2any work for Ms. Ryan after 10 July 2007 because all work was completed as contracted for by that date and that the time limit of four years, La.C.Cr.P. art. 572 A(2), for commencing prosecution had lapsed. The record on appeal reflects that no evidence *754 was received, nor any offered, on 6 January 2012; the trial court set the date of 23 January 2012 as the date for ruling upon the motion. The state filed no written opposition prior to the hearing on 23 January 2012 and offered no evidence on that date (or any other).
On 23 January 2012, the trial court ruled on the motion to quash as follows:
The Court is ruling on the defendant’s motion to quash the bill of information. This Court is granting the motion to quash the bill of information on the theft over $500.
The state has four years from the date of the offense to institute prosecution for a felony, not necessarily punishable by imprisonment at hard labor.
They filed the bill of information in this case on July 15[sic], 2011. The application for arrest warrant was June 2, 2006. And the bill of information was filed on July 15 [sic], 2011.
So, more than four years have elapsed. The Court has signed the ruling on defense motion. [Emphasis added].
In response to prompting by the trial court, the state entered an objection to the trial court’s ruling and noticed its intent to appeal. This timely appeal followed.
II.
The state contends that the underlying facts of this case are not relevant for the purposes of the state’s appeal. It presents the following version of the facts:
Mr. Reyer, an employee of Thunder, a construction company licensed in Louisiana, contracted with Grace Ryan of New Orleans to repair her home that | shad been damaged by Hurricane Katrina. Ms. Ryan paid Thunder $313,000, and work was commenced on or about 2 June 2006.
Although not appearing in the appellate record except in allegations in the defendant’s motion to quash, the state asserts that a dispute arose between Thunder and Mr. Reyer on the one hand and Ms. Ryan on the other hand, which resulted in Ms. Ryan filing suit in Orleans Parish civil court in 2009 against Thunder and its insurer. The case was removed to the United States District Court for the Eastern District of Louisiana where all of Ms. Ryan’s claims were ultimately dismissed in June 2011.
The district attorney filed a bill of information against Mr. Reyer on 18 July 2011, charging him with a violation of La. R.S. 14:67 A, theft of more than $1,500,[3] alleging that the theft occurred on 7 August 2007. The district attorney refused to nolle prosequi the charge after being advised by Mr. Reyer’s attorneys of the dismissal of the federal court civil action.[4]
III.
The application for an arrest warrant of Mr. Reyer asserts the theft occurred on 2 June 2006 and/or 10 July 2007. Specifically, the warrant states:
Before me, the undersigned Judge of Magistrate Court, Parish of Orleans, State of Louisiana, personally came and appeared: Detective Mike Kitchens, employed by the New Orleans Police Department, 715 S. Broad Street, New Orleans, Louisiana who, after first being duly sworn by me, deposed and stated that a warrant of arrest should be issued ordering the arrest of Mark Leonard Reyer W/M DOB: 02/26/1955, SS No. *755 395-60-8902 who, on the 2nd day of June, 2006, in the Parish of Orleans, State of Louisiana, did commit the crime of |4theft, as defined in Louisiana Revised Statute, R.S. Ik:67. The facts and circumstances given to support the issuance of this warrant is:
Mark Reyer of Thunder Restoration signed a contract with the victim, Grace Ryan; the contract stated that Thunder Restoration would perform restoration and repairs to the inside and the outside of the residence. Thunder Restoration has been paid a total of Three Hundred Thirteen Thousand Three Hundred Five Dollars and Seventy Three Cents ($313,-305.73). On or around July 10, 2007 Mark Reyer notified Ms. Ryan that they had stopped working on the residence and the company would not be coming back to finish the work they were contracted to do. [Boldface emphasis supplied; underlining in original.]
Contrariwise, Mr. Reyer notes in his brief that “the Bill of Information ... picks a random date for the theft’ of August 7, 2007 which conveniently fits, by several weeks, the four (4) year prescriptive period for the crime charged.”[5]
IV.
In its sole assignment of error, the state asserts that the trial court abused its discretion when it granted Mr. Reyer’s motion to quash because it timely filed the bill of information within the four-year prescriptive period of La. C. Cr. P. art. 572 A.
An appellate court reviews a trial court’s ruling on a motion to quash utilizing an abuse of discretion standard. The discretion of the trial court is not disturbed absent a clear abuse because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision. An appellate court is allowed to reverse a trial court judgment on a 15motion to quash only if that finding represents an abuse of the trial court’s discretion. State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673; State v. Williams, 12-0110, p. 2 (La.App. 4 Cir. 10/10/12), 101 So.3d 533, 534; State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
The state suggests that a motion to quash “an indictment” should be treated like an exception of no cause of action in a civil action, i.e., a court must accept as true the facts contained in the bill of information and the bill of particulars and decide whether or not a crime has been charged. See State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103. The state further cites to La.C. Cr. P. art 532,[6] and the holding in State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98), 708 So.2d 401, 411, where the Court stated:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La. C. Cr. P. art. 531 et. [sic] *756 seq.; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
As this Court held in State v. Legendre, 362 So.2d 570, 571 (La.1978), “[t]he question, then, is whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash | fimay be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.” Legendre goes on to note that “[i]t will not do to base an indictment for a serious offense ... upon an allegation of fact which cannot conceivably satisfy an essential element of the crime.... ” Legendre, 362 So.2d 570, 571.
The state argues that under La.C.Cr.P. art 572 A, it is granted four years from the date the crime is committed to commence prosecution, and that the time does not commence under La.C.Cr.P. art. 573 until the relationship or status involved between the victim and the perpetrator has ended.[7]
The state asserts that in the instant case it had four years to bring a bill of information against the defendant, who was charged with La. R.S. 14:67 A; since the bill was filed on 18 July 2011 and alleges that the theft took place on 7 August 2007, it was timely filed. It urges that in light of the rulings in Lagarde, supra, and State v. Bremer, 97-0456, p. 3 (La.App. 4 Cir. 12/10/97), 704 So.2d 917, 919,[8] the [7trial court had no choice but to accept as true the information found on the face of the bill of information. Finally, the state argues that under Lagarde and Bremer, the date which appears on the application for an arrest warrant is rendered moot.
Mr. Reyer argues that the filing of the state’s bill of information was untimely. In his motion to quash filed on 3 January 2012, he asserted that all repair work end *757 ed on 10 July 2007. He further asserted that he and Thunder had a contract with Ms. Ryan which ran from 2 June 2006 through 10 July 2007, the date cited in Mr. Reyer’s arrest warrant affidavit and application prepared by the state. Nothing in the record supports the 7 August 2007 date chosen by the state.
At the trial of the motion to quash, the state offered no arguments or evidence to support that the crime or any element thereof occurred on a date after 18 July 2007. Mr. Reyer avers that, while under La.C.Cr.P. art. 577 he bears the burden of raising the issue of untimely institution of prosecution, the state must then meet its burden of proving that the prosecution was timely and covered by the exception once the issue has been raised.
In State v. Brumfield, 11-1599 (La.App. 4 Cir. 11/29/12), 104 So.3d 701, writ denied, 12-2764 (La.5/31/13), 118 So.3d 389, the defendant was charged with theft arising out of his agreement to perform renovation work on the Hurricane Katrina damaged house of the complainants. The state initially charged him with theft by bill of information filed on 27 May 2010, alleging that the crime occurred on 17 February 2006. The trial court granted Mr. Brumfield’s motion to quash, finding that it was prescribed, having been filed more than four years after the date of the alleged criminal act. On 24 August 2010, the state filed a new bill of information for the same theft, this time alleging that the crime occurred on 26 |8October 2006. At the trial of Mr. Brumfield’s motion to quash the second bill of information, the state offered no evidence. We noted Byrd, supra, as follows:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. [sic] seq.; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
When a defendant has brought a motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit has occurred. Brumfield, pp. 7-8, 104 So.3d at 706, citing State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286. The state is not required to allege facts showing that the time limitation has not expired, “but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted.” Id., p. 13, 104 So.3d at 709 [boldface emphasis in original; emphasis supplied].
In Brumfield, the state argued that La. C.Cr.P. art. 573(1), which provides an exception to the four-year prescriptive period, governed the case. Quoting La. C.Cr.P. art. 573, we reasoned that the article did not apply under the facts of the case, to-wit:
lflBrumfield is a contractor who entered into an agreement with the complainants to repair the premises after Hurricane Katrina, but did not complete the work. *758 First, this relationship between the defendant and the complainants is not a fiduciary relationship, which terminated when Brumfield no longer worked for [the complainants] as a contractor. We understand, in context, that a fiduciary relationship exists when a person, an individual, exercises any discretionary authority or discretionary control with respect to the management of funds or assets. See, e.g., La. R.S. 11:264. Further, under article 573, the date that the statutory period starts to run is not the date that the money is tendered, but rather the date that a fiduciary relationship terminated. See State v. Comadore, 07-0976, pp. 4-5 (La.App. 4 Cir. 5/14/08), 984 So.2d 203, 205-06 (where the time limitation ran from the date that the defendant employee no longer worked for Greyhound, the company she allegedly defrauded by creating bogus tickets); Turner v. Department of Transp. and Development, 01-2426 (La.App. 1 Cir. 6/21/02), 822 So.2d 786 (where the time limitation for the theft statute began to run when the defendant employee, who made personal calls on her work phone, was terminated). See also State v. Aucoin, 457 So.2d 885, 886 (La.App. 3rd Cir.1984) (where the state did not prove that the defendant, who was a maintenance clerk in a school district charged with theft, used his position to requisition light fixtures for his own use or that the exception in La. C.Cr.P. art. 573(1) applied in that case where the bill of information was filed seven years later). The relationships in these three cases are distinguishable from the relationship in the case before us.
Brumfield, pp. 13-14, 104 So.3d at 709-710 (footnote omitted).
We concluded that the state failed to carry its burden of proof at the hearing on the motion to quash, noting that no evidence was presented to show when the complainants knew or should have reasonably known that a theft had occurred. The state had the burden to show, once the issue was properly raised by the defendant, that the victims knew or should have known a theft had occurred within the prescriptive period, which is determined by counting backwards from the date that the bill of information was filed.
|1((As we said,
We note the slippery slope this case creates should we embrace the 26 September 2006 letter as the starting point of the four-year prescriptive period. That is, if Brumfield received and did not respond to the September 2006 letter, could [the complainants] have written another letter in 2008 demanding reimbursement, thereby allowing the state to say that the four years commenced in 2008, not on the earlier date’ On the motion to quash, the state had the burden of proof, yet failed to call [either complainant] for they were essential witnesses to testify as to the date they believed that they were theft victims, especially given the long delay between the September 2006 letter and the date that the state first filed a bill of information.
Id., p. 21, 104 So.3d at 714.
In State v. Severin, 12-0205, unpub. (La.App. 4 Cir. 10/17/12), 103 So.3d 746 (Table), 2012 WL 6652944, on 2 October 2010, the defendant was charged with a violation of La.R.S.14:67 by bill of information in which the state alleged that the theft occurred between 1 June 2006 and 31 December 2007. The victim reported that by 7 June 2006 he had paid Mr. Severin a total of $12,000. The state alleged that the victim became aware of faulty work, and in July 2006 was assured by Mr. Severin that repairs would be made. The state assert *759 ed that in November 2006 the victim once more contacted Mr. Severin, but he failed to return to complete the work. Mr. Seve-rin argued that the four-year period to commence prosecution began to run on 7 June 2006, and that by the time the state filed its bill of information on 7 October 2010, the four-year time limitation for filing had expired.[9]
InThis court found that the state bears the burden of proving that an exception, embodied in La.C.Cr.P. art. 573, is applicable, noting that La.C.Cr.P. art. 573 provides that the time limitations of La. C.Cr.P. art. 572 do not begin to run “until the relationship or status of the involved has ceased to exist when: [t]he offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof.” However, “while the state is not required to allege facts showing that prescription has not run, once the issue is raised, the burden is on the state to prove the facts necessary to show timely institution of prosecution.” Severin, p. 5, citing State v. Campbell, 404 So.2d 956, 959 (La.1981). The Severin court went on to find that the bill of information suggested that the employment relationship between the victim and Mr. Severin may not have ended until the date of the last communication between the two parties, ie., November of 2006, as the state alleged. We reversed the ruling of the trial court and remanded to allow the state the opportunity to present evidence on rebuttal, thus obtaining the opportunity to meet its burden of proof.
V.
We find that the state failed to meet its burden of proof at either the 6 or 23 January 2012 hearings on the motion to quash, offering no evidence whatsoever as to the last date that either Thunder or Mr. Reyer worked for Ms. Ryan or when she knew or should have known that a crime had been committed. That is, no evidence has been presented in this case when it had to be presented (the hearing on the accused’s motion to quash) that the crime of theft or any element thereof was 112committed on or after 18 July 2007.[10] The assignment of error has no merit, and accordingly, we find the trial court did not abuse its discretion nor commit legal error in granting Mr. Reyer’s motion to quash..
AFFIRMED.

. The actual bill of information is dated as filed on 18 July 2011; the docket master reflects that the date of filing is 15 July 2011. The actual bill controls. In this case, however, the three-day difference is immaterial.

. At the time of the commission of the alleged offense, La. R.S. 14:67 provided that theft in the amount of $500 or more was the highest grade of the offense of theft.

. See footnote 2 above.

. Nowhere in its brief or otherwise does the state request that this matter be remanded to the trial court for the purpose of making a better record to establish any date.

. A close examination of the district attorney’s "Screening Action Form” can reasonably be read (and we think should be read) to support this statement. The matter was screened on 13 July 2011 with the date of the offense being shown as "08-07-07.” No evidence in the record on appeal supports where the 7 August 2007 date came from except that it appears arbitrarily selected for the purpose of avoiding La.C.Cr.P. art. 572 A(2).

. La.C.Cr.P. art. 532(7) states that a motion to quash may be based upon the ground that "[t]he time limitation for institution of prosecution of for the commencement for trial has expired.”

. La.C.Cr.P. art. 573 states in pertinent part:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist when: (1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof....

. In Bremer, this court found:
In State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103, writ denied, 96-1111 (La.10/4/96), 679 So.2d 1378, we recognized that "[a] motion to quash an indictment is treated much like an exception of no cause of action in a civil suit; the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” Code of Criminal Procedure article 532(5) provides that a motion to quash may be granted when the bill of particulars has shown a ground for quashing the indictment under article 485. That article, in pertinent part, says:
If it appears from the bill of particulars ... that the offense charged in the indictment was not committed, or that the defendant did not commit it ... the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured.

. Unlike Severin, in the matter sub judice, before the state could present its case, the trial court granted the motion reasoning that “[T]his belongs in the Civil District Court for the Parish of Orleans ... that's where it used to always belong (sic) until this new D.A. I am granting the motion to quash on that basis.”

. As an aside, the ruling against Ms. Ryan in federal court on her civil claims against Thunder and/or Mr. Reyer, where the burden of proof was preponderance of the evidence, establishes reasonable doubt that the crime of theft was not committed.