ON APPLICATION FOR REHEARING
(Court composed of Judge PAUL A. BONIN, Judge DANIEL L. DYSART, Judge SANDRA CABRINA JENKINS).
SANDRA CABRINA JENKINS, Judge.
[ )Tynisa Cobb, the defendant/appellee, was charged by bill of information on January 25, 2012, with one count of theft in violation of La. R.S. 14:67(B)(1). In response, Ms. Cobb filed a motion to quash the bill of information on February 10, 2012, alleging that the bill of information was untimely under La.C.Cr.P. art. 572(A)(2). The trial court granted the motion, and the State appealed. This Court reversed the trial court’s ruling sustaining defendant’s motion and remanded the matter back to the trial court. Ms. Cobb now seeks a rehearing of our opinion herein.
Ms. Cobb asserts that State v. Reyer, 13-0135 (La.App. 4 Cir. 11/20/13), 129 So.3d 752, is substantially identical to this case, apart from the opposite conclusion being reached, however, the majority opinion failed to acknowledge it. Thus, averring that the interests of judicial economy and jurisprudential uniformity favor her position, Ms. Cobb requests a rehearing to address why Reyer does not control the outcome of her case. Upon receipt of Ms. Cobb’s rehearing application, we directed an order to the parties to file supplemental briefs addressing twoj^ssues: (1) whether Reyer constitutes controlling circuit precedent in this matter, and (2) if so, whether Reyer was correctly decided.[1]
Pursuant to this Court’s internal rules, the issue of whether Reyer should be overruled was submitted to the Court en banc. By a unanimous vote, the nine non-panel judges elected not to overrule Reyer. For the reasons stated in the dissenting opinion and for the reasons that follow, we grant defendant’s application for rehearing, .vacate our earlier decision, and reinstate and affirm the decision of the trial court.
In Reyer, this Court recognized that once a defendant files a motion to quash contesting the timeliness of the State’s prosecution, he has no obligation to prove when the alleged crime was committed or to file a bill of particulars to prove the alleged date. Reyer, 13-0135, pp. 8-11, 129 So.3d at 757-59 (internal citation omitted). Rather, it is well-settled law that the defendant need only raise prescription as an issue and once raised, it is the State that has the burden of proving *39 that the prosecution was initiated timely. Id. Thus, the Court held that in order for the State to satisfy this burden, specific facts must be put forth as unsupported assertions will not suffice. See Id., 13-0185, p. 4, 129 So.3d at 755, n. 5 (“No evidence in the record on appeal supports where the 7 August 2007 date came from except that it appears arbitrarily selected for the purpose of avoiding La. C.Cr.P. art. 572 A(2).”).
In light of Reyer, the question before us in the instant case is whether the trial court abused its discretion in finding that the State did not satisfy its burden of proving facts necessary to show that the prosecution was timely initiated. The | srecord shows that the defendant properly raised the issue of the timeliness of the prosecution by filing a written motion to quash. The defendant alleged that the prosecution was not initiated within four years of the alleged commission of the crime and further alleged that the defendant had not done anything to avoid detection by the State so as to interrupt the tolling of the time period under La.C.Cr.P. art. 575. Once this issue was raised, the State had the burden of proving that the prosecution was initiated timely.
The record indicates that the State was given ample opportunity to satisfy its heavy burden. The trial court gave the State a week to respond in writing to the defendant’s motion to quash and set the motion for hearing one month later. At no time did the State file a response to the motion to quash or request an extension of time to do so. At the hearing, rather than submit evidence to show that the four-year prescriptive period had been interrupted or had tolled, the State instead vaguely argued that the four-year prescriptive period had been interrupted because Ms. Cobb “was fleeing from justice.” The State did not offer any evidence to prove facts necessary to show that the prosecution was timely initiated.
Accordingly, finding that Reyer is controlling precedent, and for the reasons assigned in the dissenting opinion, we cannot say that the trial court abused its discretion in finding that the State failed to satisfy its heavy burden of proving that the prosecution was initiated timely. Defendant’s application for rehearing is granted, our earlier decision herein is vacated, and the trial court’s judgment of March 16, 2012 granting the motion to quash is reinstated and affirmed.
REHEARING GRANTED; VACATED; JUDGMENT AFFIRMED
BONIN, J., assigning reasons, concurs in the result on rehearing.
DYSART, J., concurs for the reasons assigned by J. BONIN.

. Just days after the supplemental briefing was requested, the Louisiana Supreme Court denied the State's writ application in Reyer, thus making Reyer a final published decision of the Fourth Circuit. See State v. Reyer, 13-2951 (La.8/25/14), 147 So.3d 697.